[Cite as *Lamp v. Univ. of Toledo*, 2012-Ohio-6360.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEBORAH LAMP, et al.

    Plaintiffs

    v.

UNIVERSITY OF TOLEDO, et al.

    Defendants

Case No. 2009-01166

Judge Patrick M. McGrath

## DECISION

{¶ 1} On November 15, 2012, the parties filed a joint stipulation of facts relevant to the civil immunity of James M. Horner, M.D. and Richard L. Munk, M.D. pursuant to R.C. 2743.02(F) and 9.86. Drs. Horner and Munk treated and cared for plaintiff Christopher Lamp.

{¶ 2} The parties stipulated to the following facts:

{¶ 3} "1. At all times relevant to the complaint filed herein, James M. Horner, M.D., was a paid, full-time employee of the Medical College of Ohio and its successor, the Medical University of Ohio (hereinafter MCO/MUO) as an Associate Professor of Pediatrics. MCO/MUO was a state medical school created under former R.C. Chapter 3350.[1] As such, Dr. Horner was an 'employee' of MCO/MUO as that term is used in R.C. 109.36 and 9.86, and as set forth in *Theobald v. Univ. of Cincinnati,* 111 Ohio St.3d 541, 2006-Ohio-6208, 857 N.E.2d 573. Copies of Dr. Horner's faculty appointment letters from 1997 through 2005 are attached hereto as Exhibit A.

{¶ 4} "2.   Dr. Horner treated Christopher Lamp at his office at St. Vincent Mercy Medical Center, which Dr. Horner maintained as part of the MCO/MUO Pediatric Residency Program at Mercy Children's Hospital/St. Vincent Mercy Medical Center (hereinafter 'SVMMC').   Dr. Horner practiced at SVMMC under the provisions of service agreements entered into between MCO/MUO.   Under the terms of these agreements, Dr. Horner remained a full-time employee of MCO/MUO, but he provided clinical and teaching services at SVMMC for the purposes of the residency program.   A copy of the 2005 Service Agreement is attached hereto as Exhibit B.   Therefore, in accordance with *Theobald, supra,* Dr. Horner was acting within the course and scope of his faculty employment with MCO/MUO when he treated Christopher Lamp.

{¶ 5} "3.   At all times relevant to the complaint filed herein, Richard L. Munk, M.D., held a volunteer faculty appointment as a clinical associate professor with MCO/UT in the department of orthopedics.   Dr. Munk also held a volunteer faculty appointment as a clinical instructor with the Ohio University College of Osteopathic Medicine (OUCOM).

{¶ 6} "4.   As volunteer faculty, Dr. Munk was not an employee of either MCO/MUO or OUCOM."

{¶ 7} R.C. 2743.02(F) states, in part:

{¶ 8} "A civil action against an officer or employee, as defined in section 109.36 of the Revised Code, that alleges that the officer's or employee's conduct was manifestly outside the scope of the officer's or employee's employment or official responsibilities, or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner shall first be filed against the state in the court of claims, which has exclusive, original jurisdiction to determine, initially, whether the

---

[1]"MCO/MUO were consolidated into the University of Toledo by R.C. Chapter 3364.  Dr. Horner continues to be an employee of the University of Toledo."

officer or employee is entitled to personal immunity under section 9.86 of the Revised Code and whether the courts of common pleas have jurisdiction over the civil action."

{¶ 9} R.C. 9.86 states, in part:

{¶ 10} "[N]o officer or employee [of the state] shall be liable in any civil action that arises under the law of this state for damage or injury caused in the performance of his duties, unless the officer's or employee's actions were manifestly outside the scope of his employment or official responsibilities or unless the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 11} "[I]n an action to determine whether a physician or other health-care practitioner is entitled to personal immunity from liability pursuant to R.C. 9.86 and 2743.02(A)(2), the Court of Claims must initially determine whether the practitioner is a state employee. * * * If the court determines that the practitioner is a state employee, the court must next determine whether the practitioner was acting on behalf of the state when the patient was alleged to have been injured. If not, then the practitioner was acting 'manifestly outside the scope of employment' for purposes of R.C. 9.86." *Theobald v. Univ. of Cincinnati,* 111 Ohio St.3d 541, 2006-Ohio-6208, ¶ 30-31.

{¶ 12} The parties have stipulated that at all times relevant, Dr. Munk was a volunteer faculty member of both MCO/UT and OUCOM, and was not an employee of the state of Ohio. *See Engel v. Univ. of Toledo College of Med.,* 130 Ohio St.3d 263, 2011-Ohio-3375. Accordingly, the court finds that, based on paragraphs three and four of the parties' stipulation, Dr. Munk was not an employee of the state of Ohio and that he is not entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F). Accordingly, the courts of common pleas have jurisdiction over any civil actions that may be filed against Dr. Munk based upon the allegations in this case.

{¶ 13} The parties stipulated that Dr. Horner was an Associate Professor of Pediatrics and that he was a paid, full-time employee of MCO/MCU, a state medical school which was later consolidated with the University of Toledo. Accordingly, based

on paragraph one of the parties' stipulation, the court concludes that Dr. Horner was a faculty physician employed by the state of Ohio.

{¶ 14} Inasmuch as Dr. Horner was an employee of the state of Ohio at the time he treated Christopher Lamp, the court must determine whether Dr. Horner was acting on behalf of the state when Christopher Lamp was alleged to have been injured. *See Theobald, supra,* ¶ 31. "[T]he question of scope of employment must turn on what the practitioner's duties are as a state employee and whether the practitioner was engaged in those duties at the time of an injury." *Id.* at ¶ 23.

{¶ 15} According to paragraph two of the parties' stipulation, Dr. Horner treated Christopher Lamp at SVMMC and Dr. Horner practiced at SVMMC under service agreements entered into between MCO/MUO. Under such agreements, Dr. Horner was a full-time employee of MCO/MUO but provided clinical and teaching services at SVMMC for the purpose of the MCO/MUO Pediatric Residency Program. Accordingly, Dr. Horner was within the course and scope of his employment when he treated Christopher Lamp. The court concludes that Dr. Horner is entitled to immunity pursuant to R.C. 9.96 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶ 16} The joint stipulation of facts is hereby APPROVED and the court finds that James M. Horner, M.D. is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F). The courts of common pleas do not have jurisdiction over any civil actions that may be filed against Dr. Horner based upon the allegations in this case. The court further finds that Richard L. Munk, M.D. is not entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

DEBORAH LAMP, et al.

    Plaintiffs

    v.

UNIVERSITY OF TOLEDO, et al.

    Defendants

Case No. 2009-01166

Judge Patrick M. McGrath

<u>JUDGMENT ENTRY</u>

{¶ 17} This case was submitted to the court on a joint stipulation of facts regarding the civil immunity of James M. Horner, M.D. and Richard L. Munk, M.D. Upon review of the stipulations, and for the reasons set forth in the decision filed concurrently herewith, the court finds that James M. Horner, M.D. is entitled to immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas do not have jurisdiction over any civil actions that may be filed against them based upon the allegations in this case. Furthermore, the court finds that Richard L. Munk, M.D. is not entitled to civil immunity pursuant to R.C. 9.86 and 2743.02(F) and that the courts of common pleas have jurisdiction over any civil actions that may be filed against him based upon the allegations in this case.

{¶ 18} Inasmuch as all claims against defendants were dismissed on June 8, 2009, and this case remained pending for the limited purpose of determining whether Drs. Horner and Munk are entitled to immunity, plaintiffs' complaint is DISMISSED in its entirety. Court costs are assessed against plaintiffs. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

Anne B. Strait                          Michael D. Bell
Brian M. Kneafsey, Jr.                  3516 Granite Circle
Assistant Attorneys General             Toledo, Ohio 43617-1172
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

John S. Wasung
David T. Henderson
405 Madison Avenue, Suite 1500
Toledo, Ohio 43604

007
Filed December 13, 2012
To S.C. Reporter March 22, 2013